**In re CROTONA DRESS CO., Inc.**

District Court, S. D. New York.
March 29, 1934.

644

## THE ALGONQUIN.

### Petition of CHEROKEE–SEMINOLE S. S. CORPORATION et al.

District Court, S. D. New York.
July 28, 1933.

Otterbourg, Steindler & Houston, of New York City (Arnold A. Jaffe, of New York City, of counsel), for trustee.

David Haar, of New York City, for bankrupt.

GODDARD, District Judge.

It is apparent from a reading of the record that there is sufficient evidence to support the findings of the referee that neither of the respondents now have, or have had since the bankruptcy, any of the property which the trustee requests that they be directed to turn over to it; also, that respondents are "utterly unable to comply with a turnover order." Such a finding should be accepted by this Court in the absence of plain mistake. In re Slocum, 22 F.(2d) 282 (C. C. A. 2).

It is true that the unexplained "shortages" created a presumption that the respondents still had the property, but this presumption was overcome by the definite finding of the Referee that they had not.

These respondents may have been guilty of making up a false financial statement or of some other wrongful act, but the sole purpose of and reason for a turnover order is to compel one who has property belonging to the bankrupt estate and wrongfully withholds it to turn it over to the trustee. It would not only be an abuse of process but useless to order respondents to turn over property when it is known that they have not got it and cannot comply with such an order.

Report of referee confirmed. Settle order on notice.